IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RICHARD BRIDGEFORTH,  *Plaintiff*, | CIVIL ACTION NO. 3:10-CV-00030 |
| v. | |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, *Defendant*. | OPINION AND ORDER<br><br>NORMAN K. MOON<br>SENIOR UNITED STATES DISTRICT JUDGE |

By counsel, plaintiff filed a complaint alleging claims of race and age discrimination against his employer, the United States Postal Service ("USPS"). Soon thereafter, plaintiff filed a "motion for temporary restraining order and preliminary injunction." *See* docket no. 2. On June 28, 2010, I conducted a hearing on the motion, which I denied.[1] This opinion and order

---

[1] The complaint was filed on June 15, 2010, and the instant motion was filed on June 16, 2010. The government wrote a letter to plaintiff's counsel, dated June 17, 2010 (the court was copied, and the letter was entered on the docket on June 18, 2010), advising counsel of service deficiencies under Rules 4(i) and 4(l) of the Federal Rules of Civil Procedure. Rule 4(i) sets forth the requirements for serving the United States and its agencies (in this case, the USPS), corporations, officers, or employees. Rule 4(l) specifies the manner in which service must be provided. At present, no summonses have been issued, and it appears that plaintiff has not complied with these rules. The instant motion includes a "certificate of service" stating that, on June 12, 2010, copies of the instant motion and the complaint were "mailed, faxed/hand delivered" to the postmaster general, to Eric Holder, and to "Julia C. Dudley, Acting United States Attorney For the Western District of Virginia."

At the hearing on the instant motion, counsel for the government appeared, but reiterated that service is thus far deficient, and that counsel for the government was making a "limited appearance only for the purpose of this hearing" and conceded "proper service only of the motion for equitable relief." Nonetheless, I remark that, to the extent plaintiff sought an *ex parte* temporary restraining order without notice to the adverse party, plaintiff failed to satisfy the "stringent restrictions" of Federal Rule of Civil Procedure 65(b). *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438-39 (1974) (citation omitted). Fed. R. Civ. P. 65(b)(1)(B) requires that "the movant's attorney [must] certify in writing any efforts made to give notice and the reasons why it should not be required." Here, plaintiff did not certify in writing any efforts made to put the government on notice of the motion, nor did he offer any reason as to why notice should not be required.

memorializes my reasons for denying the motion.

Plaintiff is employed by the United States Postal Service ("USPS") on Seminole Trail in Charlottesville, and has been employed with the USPS for thirty-three years. His job as a "nixie clerk" (a clerk who tracks dead letters) in Charlottesville is apparently being eliminated and consolidated to other locations, or assigned to more senior personnel. Plaintiff has been offered and assigned other work with the USPS. Plaintiff has not been discharged, nor has he experienced any loss in pay or benefits. Nonetheless, plaintiff's counsel asserted that, due to age and race discrimination, he is being forced out of the nixie clerk position, which is allegedly more "prestigious," and plaintiff contends that, if his nixie clerk position is eliminated, he will be "forced to bid on another more undesirable job," which will result in "irreparable injury" from working in an "unsafe environment where [his] hearing and sight will be permanently damaged. . . ."

The instant motion is styled as a "motion for temporary restraining order and preliminary injunction" and plaintiff's counsel stated at the hearing that plaintiff is "seeking a temporary restraining order and possibly a preliminary injunction. . . ." The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. *See, e.g.*, *Commonwealth of Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for temporary restraining order). A plaintiff seeking preliminary injunctive relief must establish that (1) he is likely to succeed on the merits; (2) his likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) a preliminary injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. ___, 129 S. Ct. 365, 374 (2008); *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346-47 (4th Cir. 2009) (recognizing that

*Winter* was in "fatal tension" with Fourth Circuit precedent governing the grant or denial of preliminary injunctions as articulated in *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir.1977), and therefore expressly adopting the *Winter* standard), *vacated on other grounds*, __ U.S. __, 130 S. Ct. 2371, 2010 WL 1641299 (April 26, 2010), *reissued on remand*, __ F.3d __ (June 8, 2010) (reissuing Parts I and II of earlier opinion, 575 F.3d at 345-47, stating the facts and articulating the standard for the issuance of preliminary injunctions).

At this juncture, plaintiff has not shown a likelihood of success on the merits of his race and age discrimination claims. At the hearing, it became apparent that the crux of plaintiff's claims are as follows. Eighteen months ago, plaintiff returned from a period of annual leave to find that he had been moved out of his quiet, private office, into another "enclosed area" near the loading dock, where he is exposed periodically during the day to the noise of other USPS personnel sorting and loading mail, yet he is "isolated." Plaintiff contends that the new work area is unsafe and "a little bit exposed to the elements," and that the move was motivated by race- and age-based animus. However, the government presented evidence that plaintiff was moved from the former office space, which he alone occupied, because there are fewer nixie clerks, given that the position is being eliminated, and the office was converted to the use of union representatives. Furthermore, the evidence indicates that plaintiff is not exposed to the elements, other than the occasional opening of doors, and that the intermittent noise of which he complains (from "traffic at that part of the post office") is no greater than that to which all the other employees in that area of the post office are periodically exposed. Plaintiff also complains that he formerly had insufficient light in the new work area, but concedes that the lighting issue was resolved after he complained to his union. And, to the extent plaintiff complains of having been audited for five days, the government's evidence indicates that such evaluations are

performed "throughout the post office," and that the purpose of the audit is the USPS's ongoing cost-saving measures, which necessitates studying employees' jobs, and evaluating the options of consolidating and removing positions.[2]

For the same reasons, plaintiff has not shown that he is likely to suffer irreparable harm in the absence of preliminary relief. Insofar as he claims that his new work area is "unsafe," or "a little bit exposed to the elements," the government's evidence tends to disprove these allegations, as did his own testimony. Regarding plaintiff's employment, plaintiff's counsel acknowledged that plaintiff "is still doing the same duties, he still has the same responsibilities," and the evidence introduced at the hearing indicates that plaintiff will continue to work in Charlottesville, that he ranks high in seniority at the Seminole Trail post office, that he still earns the same amount of money, and that the terms and benefits of his employment remain unchanged, save for his position being eliminated and his being place in an "unassigned regular" category.[3] At this point, it appears that plaintiff has shown no harm at all, much less "irreparable" harm.

Finally, regarding the final two factors to consider under *Winter*, it appears to me that, given the preceding facts, the balance of equities do not tip in plaintiff's favor, and there is no indication that a preliminary injunction is in the public interest.

For these reasons, and as stated on the record at the hearing on June 28, 2010, plaintiff's

---

[2] Plaintiff's counsel asserted that plaintiff has received a number of "harassing" letters from the USPS, stating "things that are just crazy." Counsel presented one of the letters as evidence. The letter is a routine "Employee Notification," dated May 19, 2010, informing him that his position was being abolished, effective May 22, 2010, and that he would "become an unassigned regular on that date and [his] hours and days off will remain the same as [his] previous assignment."

[3] The evidence also indicates that plaintiff was not the most senior person working as a nixie clerk at the Seminole Trail post office, and further suggests that all personnel reductions and reassignments at the post office have been regular and routine.

motion (docket no. 2) was denied.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this opinion and order to all counsel of record.

ENTERED this  2nd  day of July, 2010.

*signature: Norman K. Moon*

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE